UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 6:18-CV-01229-MJJ-CBW |
| Plaintiff, | DISTRICT JUDGE MICHAEL J. JUNEAU |
| vs. | MAGISTRATE JUDGE CAROL B. WHITEHURST |
| WORLD TREE FINANCIAL, LLC, WESLEY KYLE PERKINS, and PRISCILLA GILMORE PERKINS, | EXPEDITED CONSIDERATION REQUESTED |
| Defendants. | |

SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO
CONDUCT TRIAL BY VIDEO-CONFERENCE

I.      INTRODUCTION

The Securities and Exchange Commission ("SEC"), through undersigned counsel, moves this Court to conduct the trial in this case by video-conference due to the novel coronavirus pandemic ("COVID-19"). Based on concerns regarding health risks associated with in-person gatherings and travel during the pandemic, good cause and compelling circumstances exist to conduct this entire trial remotely, with appropriate safeguards under the provisions of Fed. R. Civ. P. Rule 43(a). In the alternative, the SEC seeks an order permitting its trial counsel, paralegal, and certain of its witnesses to appear by videoconference.

The pandemic is a national emergency that has resulted in the deaths of more than 185,000 people in the United States to date.[1] The States of Louisiana, California, and Chicago, where the counsel and witnesses in this matter reside, have issued numerous orders restricting travel and in-person activities, which remain in effect. The SEC's counsel and certain of its witnesses in this case—all of whom would have to travel several hours by air to attend a live

_____

[1] This is according to the website of the United States Centers for Disease Control and Prevention. *See* https://www.cdc.gov/nchs/nvss/vsrr/covid_weekly/index.htm?fbclid=IwAR3-wrg3tTKK5-9tOHPGAHWFVO3DfslkJ0KsDEPQpWmPbKtp6EsoVV2Qs1Q.

trial—have legitimate, health-related concerns about engaging in air travel due to the pandemic. Several other district courts, when presented with similar requests to order remote bench trials, have exercised their discretion to proceed by videoconference, including two such cases just this month.

The SEC requests that the Court exercise its discretion under Rule 43(a) and order that the bench trial in this action proceed by videoconference. If the Court is inclined to order an in-person trial, the SEC requests in the alternative that its counsel, paralegal and expert witness be permitted to appear remotely. Given the close temporal proximity of the pretrial conference and the trial date in this action, the SEC seeks expedited resolution of this issue, in order to plan appropriately for trial.

## II.    PROCEDURAL BACKGROUND

The SEC filed this action to enforce the federal securities laws on September 18, 2018. *See generally*, Dkt. No. 1. The SEC's complaint alleges that defendants World Tree Financial LLC, Wesley Kyle Perkins, and Priscilla Gilmore Perkins, violated the federal securities laws by carrying out a fraudulent cherry-picking scheme, and deceived their advisory clients in World Tree's Forms ADV brochures filed with the SEC. *Id.* The final pretrial conference is currently set for October 23, 2020, by videoconference, and a bench trial is set for November 2, 2020, in-person. *See* Dkt. No. 51.

Earlier this year, due to the impact of the pandemic on in-person appearance and travel, the depositions in this action proceeded by video. The parties conducted four videoconference depositions between July 8, 2020 and July 21, 2020. *See* Declaration of Lynn M. Dean *filed concurrently herewith* ("Dean Decl.") ¶ 2. Following the depositions, the parties stipulated to continue the dates for motions *in limine* for summary judgment. Dkt. No. 46.

On August 12, 2020, the Court held a status conference concerning the schedule in this action. Dkt. No. 50. Given that the District has ordered that no civil jury trials may proceed until January 2021, the Court offered that defendants could elect to waive a jury trial and proceed with a bench trial in November, or wait until jury trials are currently anticipated to resume in January

2

2021. Dean Decl. ¶ 3. Defendants elected to proceed via a bench trial. Dkt. No. 52. Following the status conference, the Court issued an order setting a final pretrial conference to occur by videoconference and a bench trial for November 2, 2020. Dkt. No. 51.

The SEC filed a motion for partial summary judgment against all defendants on August 31, 2020, as well as a motion *in limine* to exclude defendants' expert. *See* Dkt. Nos. 56, 57. The motions were initially set by the Court for a hearing on November 10, 2020. Dkt. No. 60. Because that date was after the trial date, counsel for the SEC contacted the Court's clerk to inquire about scheduling that hearing and the Order requiring live appearances at the trial. Dean Decl. ¶ 4. In response, the Court reset the motions to be heard on October 23, 2020, the same date as the final pretrial conference. Dkt. No. 61. By telephone, the Court's clerk advised SEC counsel that the Court would entertain discussion at the final pretrial conference whether the bench trial would proceed remotely or in-person. Dean Decl. ¶ 4.

On September 16, 2020, the SEC met and conferred with defense counsel concerning this motion. Dean Decl. ¶ 5. Defense counsel indicated that Defendants oppose the SEC's request that the entire trial be conducted remotely. Defendants have no objection to the SEC and its witnesses appearing by video-conference.  *Id*.

## III.    ARGUMENT

### A.    Legal Standards

Federal Rule of Civil Procedure Rule 43(a) sets forth the bases upon which courts may order trials to occur by remote means. The rule provides that trial witnesses are presumptively obliged to appear live at trial, but gives courts discretion to allow remote appearance:

> The court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. Rule 43(a). Since the revision of Rule 43(a) in 1996 setting forth this standard for remote appearance, "there has been an increasing trend by federal courts allowing and by legal

commentators advocating for the use of contemporaneous transmission of trial testimony." *In re Vioxx Prod. Liab. Litig.*, 439 F. Supp. 2d 640, 642 (E.D. La. 2006) (ordering remote trial testimony); *see also* 9A Fed. Prac. & Proc. Civ. § 2414 (3d ed.) ("[F]ederal courts have shown consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices.").

### B. Numerous State and Local Orders Remain in Place Restricting Activities Due to the COVID-19 Outbreak

In its initial motion to continue certain pretrial dates filed in March 2020 (Dkt. No. 33), the SEC catalogued the state and local restrictions on activities imposed due to the COVID-19 outbreak, in each of Louisiana, California and Illinois. While phased reopening has occurred to some extent, each location remains subject to orders limiting in-person activities and discouraging travel, particularly for groups at high-risk. Air travel remains discouraged by the CDC, whose website, as of August 25, 2020, advises that "Travel increases your chances of getting and spreading COVID-19. Staying home is the best way to protect yourself and others from COVID-19."[2]

Louisiana, though it has moved to Phase 3 of reopening, continues to have restrictions on gatherings and capacity, and at-risk individuals are encouraged to remain at home.[3] According to its Ninth Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic, dated August 5, 2020, the Western District of Louisiana continues to restrict public access and in-person appearances through January 2021.[4] The State of California, where SEC counsel reside, continues to operate under many restrictions on in-

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/travelers/travel-risk.html (noting that "Air travel requires spending time in security lines and airport terminals, which can bring you in close contact with other people and frequently touched surfaces. Most viruses and other germs do not spread easily on flights because of how air circulates and is filtered on airplanes. However, social distancing is difficult on crowded flights, and sitting within 6 feet of others, sometimes for hours, may increase your risk of getting COVID-19. Factors that may increase risk of air travel include flight duration and whether others onboard are wearing masks.").
[3] https://bloximages.newyork1.vip.townnews.com/theadvocate.com/content/tncms/assets/v3/editorial/e/2a/e2a46778-f480-11ea-a0f3-170b5cbad518/5f5bfef2decd1.pdf.pdf.
[4] https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/COVID-19_Ninth_Supp_Order_8-5-20.pdf

4

person gatherings.[5]  Illinois, which is home to the SEC's expert witness, is similarly subject to limitations in its multiphase reopening plan.[6]  The SEC's offices nationwide remain on mandatory telework, requiring permission for staff to enter any of its offices. Dean Decl. ¶ 6.

### C.  Good Cause and Compelling Circumstances Exist to Order Trial by Video

The COVID-19 pandemic, and the attendant health risks arising from public gatherings and travel, constitute good cause and compelling circumstances to order that the trial in this action be conducted by remote means. As stated in the 1996 Advisory Committee Note to Rule 43(a), "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." The COVID-19 pandemic presents exactly this situation: due to the unforeseen impacts on public gatherings and air travel that this national emergency has caused, the parties and counsel in this action should be permitted to appear remotely via a videoconference bench trial. "The occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses—is undoubtably an 'unexpected' occurrence that nevertheless still permits witnesses 'to testify from a different place.'" *In re RFC & ResCap Liquidating Tr. Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020) (permitting expert witness to appear by video at trial, finding that "[u]nder the circumstances, COVID-19's unexpected nature, rapid spread, and potential risk establish good cause for remote testimony").

Given the numerous restrictions in place to protect the public's health and safety, the COVID-19 outbreak provides good cause to order trial by remote means under Rule 43(a). "In terms of good cause, plaintiffs argue that 'COVID-19 creates perhaps the most compelling circumstances in history in favor of conducting this trial remotely… Given the unprecedented nature of the circumstances faced by our society at present, it is difficult to characterize this statement as hyperbole." *Flores v. Town of Islip*, No. 18-CV-3549 (GRB)(ST), 2020 WL 5211052, at *2 (E.D.N.Y. Sept. 1, 2020) (ordering entirely remote bench trial), citing *Argonaut*

---

[5] https://www.cdph.ca.gov/Programs/OPA/Pages/NR20-158.aspx.
[6] https://coronavirus.illinois.gov/s/restore-illinois-mitigation-plan

*Ins. Co. v. Manetta Enterprises, Inc.*, No. 19-CV-00482-PKCRLM, 2020 WL 3104033, at *2 (E.D.N.Y. June 11, 2020) ("The Court finds that the COVID-19 pandemic, and the months' long delay it has caused—indeed, continues to cause—in all court proceedings, constitutes 'good cause and compelling circumstances' to hold the bench trial in this matter via video-conference.").

This case further presents compelling circumstances to warrant a remote trial under Rule 43(a) due to concerns about travel. The CDC currently advises that it is safer for U.S. residents to stay home and avoid air travel. The SEC's trial counsel, paralegal and its expert witness each have concerns regarding travel at this time, due to the pandemic. *See* Declaration(s) of Lynn M. Dean at ¶ 7, Sarah Mitchell at ¶ 2, and Cathy M. Niden at ¶ 2, *filed concurrently herewith*. Courts have held that the health concerns of witnesses or counsel related to air travel during the pandemic are a compelling circumstance under Rule 43(a). *See, e.g.*, *Sentry Select Ins. Co., v. Maybank Law Firm, LLC*, No. 5:15-CV-04984-JMC, 2020 WL 5441305, at *2 (D.S.C. Sept. 10, 2020) ("[C]oncerns about testifying in person during the time of COVID-19 demonstrate good cause and compelling circumstances to allow [plaintiff's expert witness] to testify at trial by videoconference"); *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, No. 17-11130, 2020 WL 3717792, at *5 (E.D. Mich. June 30, 2020) (ordering bench trial completely by videoconference over both parties' objections during court closure) ("Even if the Court eventually convened a bench trial in a courtroom on an earlier timetable than currently expected, there is a strong likelihood that the parties would be compelled to present a significant portion of trial testimony by videoconference, due to witnesses' unavailability, reluctance to travel, and reluctance to enter a public courthouse").

A trial by videoconference can be accomplished using adequate safeguards, as Rule 43(a) requires. First, because defendants have agreed to a bench trial, they do not face a risk of prejudice from the absence of a live jury trial. *See Flores*, 2020 WL 5211052, at *2 (noting that "the issues of prejudice that could arise in the jury context are simply absent"). Second, a remote trial conducted by videoconference provides synchronous audio and video, providing protection

against any issues arising from merely telephonic testimony. *See Flores*, 2020 WL 5211052, at *2 ("[T]he proposed remote trial will permit the review of synchronous audio and visual transmission, a vast improvement over telephonic testimony"). In addition to the courts that have ordered remote bench trials cited above, the SEC has already conducted one bench trial entirely remotely in the Eastern District of New York. *See SEC v. Paulsen*, Civil Action No. 1:18-cv-6718 (PGG) (S.D.N.Y. July 22, 2020).   SEC counsel were in Chicago and all witnesses and parties, including the Defendants, appeared by video-conference. Dean Decl. ¶ 8. Therefore, the SEC's counsel, paralegal, and technical staff are familiar with technological measures to carry out a remote trial occurring in another jurisdiction. *Id*.

## III.   CONCLUSION

For all the foregoing reasons, the SEC respectfully requests that the Court order the trial to occur in its entirety by videoconference, or, in the alternative, permit the SEC's counsel, paralegal, and its expert witness to appear by videoconference.

September 16, 2020                    Respectfully submitted,


                              */s/ Lynn M. Dean*
                              Lynn M. Dean (Cal. Bar. 205562)
                              Securities and Exchange Commission
                              444 S. Flower St., 9th floor
                              Los Angeles, CA 90071
                              Telephone:    (323) 965-3998
                              Facsimile:    (213) 443-1904
                              Email:        deanl@sec.gov


                              /*s*/ *Karen J. King*
                              KAREN J. KING (#23508)
                              Assistant United States Attorney
                              800 Lafayette Street, Suite 2200
                              Lafayette, Louisiana 70501
                              Telephone:  (337) 262-6618
                              Facsimile:  (337) 262-6693
                              Email:        karen.king@usdoj.gov