UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD TREE FINANCIAL, LLC, WESLEY KYLE PERKINS, and PRISCILLA GILMORE PERKINS,<br><br>Defendants. | Case No. 6:18-CV-01229-MJJ-CBW<br><br>DISTRICT JUDGE MICHAEL J. JUNEAU<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

**SECURITIES AND EXCHANGE COMMISSION'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR <u>PARTIAL SUMMARY JUDGMENT</u>**

I. **INTRODUCTION**

The SEC has provided evidence that conclusively demonstrates that Defendants Wesley Perkins, Priscilla Gilmore Perkins, and World Tree Financial (collectively "Defendants") made false and materially misleading statements to their advisory clients by trading in the same securities as their clients while representing that they would not do so. In response, Defendants offer an interpretation of their disclosures that only highlights their confusing and contradictory nature. The bulk of the "evidence" they offer to rebut the evidence supporting the SEC's motion is the self-serving affidavit of Defendant Wesley Perkins, which contains speculation, testimony about irrelevant issues, and in some cases is simply improbable. These defects are set forth in detail in the SEC's evidentiary objections, filed herewith.

The misstatements here were material, the SEC has presented evidence that investors were deceived by Defendants. Speculation, conclusions, and improbable assertions are no substitute for evidence to the contrary. Accordingly, the SEC respectfully requests that the Court grant summary judgment and issue permanent injunctions against Defendants on its second, fourth, fifth, and sixth claims for violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, Section 17(a)(2) of the Securities Act, and Sections 206(1) and 206(2) of the Advisers Act.

II. **ARGUMENT**

    A. **The SEC is Entitled to Partial Summary Judgment**

The SEC has demonstrated that it is entitled to partial summary judgment by bringing forth admissible evidence showing that there is no genuine dispute as to any material fact regarding its second, fourth, fifth and six claims. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). It is Defendants' burden to bring forth competent evidence establishing a dispute. *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994) ("Needless to say, unsubstantiated assertions are not competent summary judgment evidence."). To carry that burden, they must submit significant probative evidence to show that material, triable issues of fact remain. *See Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). "The mere

scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Anderson*, 477 U.S. at 252.

Furthermore, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 252, 248; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000) ("A scintilla of evidence or evidence that is merely colorable . . . does not present a genuine issue of material fact."). "If there is no genuine issue and one of the parties is entitled to prevail as a matter of law, [the district] court may render summary judgment." *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 539 (5th Cir. 2004).

Here, Defendants fail to support their own purported facts with evidence sufficient to establish their argument that their trading was disclosed to investors and no investor was deceived by their conduct. First, Defendants admit the vast majority of the SEC's Undisputed Facts. See Dkt. Nos. 57-2 and 64-1 at Nos. 1, 3-6, 8-11, 15, 18, 20, 22-23, 29-37, 40, 47, and 49-52. They purport to deny SOF No. 2, but their do not actually deny that they withdrew as an SEC registrant and registered with the State of Louisiana, they merely argue that decision was required by a change in the law. Dkt. No. 64-1 at No. 2. That purported distinction is irrelevant to this motion. Fed. R. Evid. 403. Similarly, they deny that they are currently registered investment advisers with active licenses, but do not deny that they were investment advisers at the time this action was filed. Dkt. No. 64-1 at Nos. 7, 11,13, 14, 23, 24. This distinction, too, is irrelevant and cannot preclude summary judgment. Fed. R. Evid. 403. As set forth in the SEC's accompanying evidentiary objections, the balance of their denials are either unsupported argument of based on irrelevant factual distinctions. These denials do not create triable issues of fact and cannot preclude summary judgment. *Anderson*, 477 U.S. at 252, 248

Second, Perkins's self-serving, largely uncorroborated affidavit cannot create a triable issue of fact. "[S]elf-serving statements, without more, will not defeat a motion for summary

judgment, particularly one supported by plentiful contrary evidence." *Smith v. Sw. Bell Tel. Co.*, 456 F. App'x 489, at *3 (5th Cir. 2012); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming "self-serving allegations" are "not the type of significant probative evidence required to defeat summary judgment"). Much of the affidavit concerns matters that are not in dispute in this motion, such as the timing of Defendants' trade allocations, testimony about Defendants' investment models, or why World Tree became a state registered investment adviser rather than an SEC registrant. Dkt No. 64-2 at ¶¶ 9-16; 21-22. Moreover, self-serving testimony cannot support a claim if the testimony is inherently implausible. *Batiz v. Am. Commer. Sec. Servs.*, 776 F. Supp. 2d 1087, 1098 (C.D. Cal. 2011) (granting summary judgment where opposing deposition testimony and declaration were self-serving and uncorroborated). Likewise, the portion of the declaration in which Perkins speculates about his client's state of mind is inadmissible due to lack of foundation. Fed. R. Evid. 602. 901. Therefore, Defendants have failed to offer the Court sufficient evidence to bar summary judgment. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1136 (9th Cir. 2009) ("Surmise, conjecture, theory, speculation and an advocate's suppositions cannot 'do duty for probative facts and valid inferences.'") (*citing Poppell v. City of San Diego*, 149 F.3d 951, 962 (9th Cir. 1998).

  **B. The Fact That Certain of the SEC's Claims Require Scienter Does Not Preclude Summary Judgment**

The fact that certain of the SEC's claims require scienter does not preclude summary judgment here. First, the SEC's claims for violation of Section 17(a)(2) of the Securities Act and Section 206(2) of the Advisers Act sound in negligence. No showing of scienter is required. *Aaron*, 446 U.S. at 697 (violations of Section 17(a)(2) require, at most, a showing of negligence); *SEC v. Hopper,* 2006 U.S. Dist. LEXIS 17772 at *30 (S.D.Tex. Mar. 24 2006); *Steadman v. SEC*, 603 F.2d 1126, 1132-34 (5th Cir. 1979) (a showing of negligence is sufficient to establish a violation of Section 206(2)). Negligence, by contrast, is the absence of "reasonable prudence." *SEC v. GLT Dain Rauscher, Inc.*, 254 F.3d 852, 856 (9th Cir. 2001).

Second, the aiding and abetting claim alleged against Priscilla Gilmore Perkins in the Sixth cause of action does not require scienter. A defendant can be found liable for aiding and abetting another's violation if the Commission establishes that: (1) another party has committed a securities law violation; (2) the aider and abettor has a "general awareness" of his role in the violation; and (3) the aider and abettor "knowingly rendered substantial assistance" in the violation. *See Abbot v. Equity Group, Inc.*, 2 F.3d 613, 621 (5th Cir. 1993). In this context, "substantial assistance" means only that the defendant "in some sort associate[d] himself with the venture, that [the defendant] participate[d] in it as in something that he wishe[d] to bring about, [and] that he [sought] by his action to make it succeed." *SEC v. Apuzzo*, 689 F.3d 204, 212 (2d Cir. 2012) (citation omitted). As set forth in the SEC's Motion, Gilmore was aware of the representations in World Tree's Forms ADV concerning prohibited transactions and she played a substantial role in Perkin's and World Tree's violations. She reviewed the ADVs; she signed acknowledgements that she had read World Tree's compliance manual; and she verified the trade allocations to clients and accounts for the benefit of Defendants made from the omnibus account. Dkt. No. 57-2 at SOF Nos. 40-45. There can be no dispute that she knew that Defendants were block trading in the same securities as World Tree's clients. Dkt. No. 57-2 at SOF No. 45. Gilmore thus aided and abetted World Tree's and Perkins' Advisers Act violations, and no showing of intend to defraud on her part is required.

As to the SEC claims that do require a showing of scienter, courts routinely grant summary judgment in the SEC's favor in enforcement actions even when the SEC's claims require proof of scienter. *See, e.g., SEC v. Recile*, 10 F.3d 1093, 1098 (5th Cir. 1993) (affirming summary judgment in SEC's favor on scienter-based fraud claims); *SEC v. United Energy Partners, Inc.*, 88 Fed. App'x 744 (5th Cir. Feb. 18, 2004) (same); *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1093 (9th Cir. 2010) (same); *SEC v. Ficken*, 546 F.3d 45, 54 (1st Cir. 2008) (same); *SEC v. U.S. Sustainable Energy Corp.*, No. 08-cv-245, 2011 WL 2980549, at *14-15 (S.D. Miss. Jul. 21, 2011) (granting summary judgment against defendant for securities fraud).

Although scienter is defined as a "mental state embracing intent to deceive, manipulate or defraud," in this Circuit, scienter is established by a showing that the Defendants acted intentionally or with severe recklessness. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976); *Broad v. Rockwell Int'l Corp.*, 642 F. 2d 929 (5th Cir.) *en banc, cert. denied* 454 U.S. 965 (1981). Scienter may be established through proof of recklessness, and recklessness may be inferred from circumstantial evidence. *SEC v. Dain Rauscher, Inc.*, 254 F.3d 852, 856 (9th Cir. 2001); *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390-91, n.30 (1983). Scienter may thus be evidenced by a Defendant's acts of knowing misconduct, or by a Defendant's acts demonstrating recklessness. *See Platforms Wireless*, 617 F.3d at 1085. A defendant engages in knowing misconduct, for instance, when he creates documents that he knows are false. *See, e.g., Suez Equity Investors, LP v. Toronto Dominion Bank*, 250 F.3d 87, 99-101 (2d Cir. 2001) (falsified records evidence of scienter); *SEC v. Nacchio*, 438 F. Supp. 2d 1266, 1282 (D. Colo. 2006) (corporate accountant's deception of other accountants about the date of a contract establishes scienter). "Representing information as true while knowing it is not. . . [is a] circumstance[] sufficient to support a conclusion of scienter." *SEC v. Constantin*, 939 F. Supp. 2d 288, 308 (S.D.N.Y. 2013) (citing *SEC v. Universal Exp., Inc.*, 475 F. Supp. 2d 412, 424 (S.D.N.Y. 2007), *aff'd sub nom. SEC v. Altomare*, 300 Fed. Appx. 70 (2d Cir. 2008)). "An actor is reckless if he had reasonable grounds to believe material facts existed that were misstated or omitted, but nonetheless failed to obtain and disclose such facts although [the actor] could have done so without extraordinary effort." *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1063-65 (9th Cir. 2000) (citation omitted).

The undisputed evidence here demonstrates Defendants' scienter. Perkins and Gilmore each knew, or were reckless in not knowing, that they were prohibited from trading in the same securities as their clients in their personal accounts, and that World Tree and Perkins's violation of that prohibition rendered World Tree's Forms ADV false and misleading. Dkt. No. 57-2 at SOF Nos. 28-45. Perkins and Gilmore are both securities professionals who hold securities licenses. *Id.* at SOF Nos. 7, 11, 12. Perkins and Gilmore were the principals of World Trade

and controlled its operations.  *Id.* at SOF Nos. 6-12; 19-21.  They reviewed and had control of the contents of the firms Forms ADV.  *Id.* at SOF No. 41-44.  They both knew that they were block trading in the same securities as their clients.  *Id. at* SOF Nos. 25-27, 39, 45.  Perkins and Gilmore have each admitted that they were aware of the prohibition and that in retrospect, their trading in the same securities as their clients violated the prohibition.  *Id.* at SOF No. 43-44.  Accordingly, they knew, or were reckless in not knowing, that the representations being made to investors were false.  Because Perkins and Gilmore are co-owners and principals of the firm, their scienter and negligence in defrauding clients in the Forms ADV about the prohibited securities transactions are imputed to World Tree.  *See In re ChinaCast Educ. Corp. Sec. Litig.*, 809 F.3d 471, 476 (9th Cir. 2015) (scienter of senior controlling officers may be imputed to corporation); *SEC v. Manor Nursing Ctrs.*, 458 F.2d 1082, 1096-97, n.16-18 (2d Cir. 1979) (same).

### C. Defendants Cannot Create a Triable Issue By Pointing To Different, and Admittedly Contradictory, Disclosures

The SEC has moved for summary judgment on the question of whether the statement in Defendants Forms ADV that they would not engage in any transactions on their own behalf "in a security which is being actively purchased or sold, or is being considered for the purchase or sale, on behalf of World Tree's clients" was materially misleading.  In an attempt to create a disputed issue of fact, Defendants have cobbled together disclosures from four different documents (one of which they concede was never shown to investors), to argue that the statement was not "false or reckless."  Dkt. No. 64 at pp. 3-7.  The statements Defendants offer are pulled from the Forms ADV, their internal-only Compliance Manual, the Discretionary Investment Management Agreement, and World Tree's Uniform Application for Investment Adviser Registration. Dkt. No. 64 at pp. 3-7.

First, the disclosures that Defendants point to do not squarely contradict the statement that they would not engage in any transactions on their own behalf "in a security which is *being actively purchased or sold*, or is being considered for the purchase or sale, on behalf of World

Tree's clients," though they certainly add to the confusion.  Dkt. No. 57-2 at SOF No. 38 (emphasis added).   Item 11 of the Form ADV simply states that Defendants will not trade ahead of clients when they purchase and sell the same securities as their clients.  Dkt. No. 64 at p. 3.  Item 12 of the Form ADV and the Section 3 of the Discretionary Agreement simply state that if Defendants aggregate client orders, "including securities in which World Tree Supervised Persons may invest" they will do so in accordance with applicable rules promulgated under the Advisers Act.  Dkt. No 64 at pp. 4-5.   Finally, in Item 8 of World Tree's Uniform Application for Investment Advisor Registration – a document that was filed with the SEC in 2009, two years before the time period relevant to this motion – Defendants checked "yes" when asked if they buy or sell for themselves securities they recommend to advisory clients.  Dkt, No. 64 at p. 6; Dkt. No, 57-10.   These statements *at best* indicate that Defendants may from time to time purchase securities they have recommended or purchased for their clients; they do not indicate that Defendants will simultaneously trade in those securities, which is what Defendants did when they block traded in the same securities as their clients, a fact that Defendants do not dispute.

      Second, it is fatal to Defendants' argument that they *concede* that these disclosures were in conflict and they attempt to relieve themselves of responsibility for that conflict by imposing a non-existent burden on their clients to inquire about it.  Dkt No. 64 at pp. 4, 6-7.  Defendants concede that Item 11 and Item 12 of their Form ADV Part 2A "ostensibly conflict[]" and then argue that "[t]he written representations provided at Section 3 of the Discretionary Management Agreement and Sections 4 and 12 of the Form ADV at best would lead a reasonable potential investor to ask questions of World Tree regarding participation by its Access Persons in aggregate client orders."  Dkt No. 64 at p. 6.  They further argue that the fact there is no evidence in the record that any investor did inquire "about any conflict between Items 11 And 12 of the Form ADV Part 2A requires an inference to be drawn in favor of the World Tree parties that that clients understood and agreed that World Tree's 'Supervised Persons' may participate in an aggregate client order."  Dkt No. 64 at p. 6.  This is simply not the law.  Defendants owed their clients a fiduciary duty of care to make full and fair disclosures that were not misleading.

*SEC v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 194 (1963) ("Courts have imposed on a fiduciary an affirmative duty of 'utmost good faith, and full and fair disclosure of all material facts,' as well as an affirmative obligation 'to employ reasonable care to avoid misleading' his clients."). They failed to do so, and the SEC is entitled to summary judgment regarding the misleading disclosures in Defendants' Forms ADV.

        **D.**        **Defendants' Communications with LeBlanc Do Not Create a Triable Issue of Fact**

Defendants offer seven emails and text messages that they argue indicate that disfavored client Matthew purportedly LeBlanc knew World Tree Access Persons were trading in the same securities they bought for him. These documents do not create a triable issue of fact. First, Perkins' statements about what LeBlanc knew lack foundation. Fed. R. of Evid. 602; 901. Moreover, the offered documents do not demonstrate that LeBlanc was on notice that Defendants were simultaneously trading with him in contravention of their disclosures. Perkins' use of the article "we" could have been an attempt at the client that World Tree was a team, a technique that Perkins admitted to using in his investigative testimony. Supplemental Declaration of Lynn M. Dean, filed concurrently herewith ("Dean Decl."), Ex. 1 at pp. 57-58. At most, the emails show that LeBlanc was on notice that Defendants may have held positions in the same securities as him. Defendants could have been buying securities in their own accounts on different days and times. LeBlanc had no way to know they were block trading in the same securities at the same time, in contravention of their disclosures.

        **E.**        **Defendants Have Not Established That They Relied On Professionals**

Although they do not assert it specifically, Defendants have presented the Court with facts that appear to be directed to an "advice of professionals" defense, by arguing that their disclosure brochures were drafted in consultation with an entity named Market Counsel. Dkt. No. 64 at p. 2; Dkt. No. 64-2 at ¶¶ 3-7, 18. Defendants have failed to make the factual showing necessary for this defense, and it should be disregarded. Defendants "must show that they (1) made a complete disclosure to [the professional]; (2) requested [the professional]'s advice as to

the legality of the contemplated action; (3) received advice that it was legal; and (4) relied in good faith on that advice." *SEC v. Goldfield Deep Mines*, 758 F.2d 459, 467 (9th Cir.1985) (citation omitted); *see also In re Wyly*, 552 B.R. 338, 345 (N. Dist Tex. Bankr. Ct. 2016); *Provenz v. Miller*, 102 F.3d 1478, 1491 (9th Cir. 1996). Here, although Defendants note that they hired professionals, they have made no showing regarding what disclosures were made to them, the advice received, or that the advice was followed. Defendants concede that they had ultimate control over the content of the Forms ADV. Dkt. No. 57-2 at SOF No. 37; Dkt. No. 64-1 at SOF 37. Moreover, both Perkins and Gilmore testified that the professionals at Market Counsel were not their lawyers and they did not consult them in that capacity. Supp. Dean Decl., Ex. 1 (pp. 91-94) and Ex. 2 (pp. 65-66). Thus, Defendants have not, and cannot, assert the requisite elements of an advice of counsel defense.

### F. Defendants Concede They Acted as Investment Advisers

Defendants do not dispute, and therefore concede that they were investment advisers. The Fifth and Sixth Claims are based on violations of the Investment Advisers Act and Perkins and World Tree's status as "investment advisers," as that term is defined by Section 202(a)(11) of the Act, is an element of these causes of action. Perkins and World Tree both gave investment advice for compensation. Dkt. No. 57-2 at SOF Nos. 14, 53. World Tree was a registered investment advisor, with discretionary control over most of its client accounts and Perkins made all of the investment decisions at the firm. *Id.* at SOF Nos. 2-4, 7, 13-21, 24-25. "Making investment recommendations and controlling clients' investments qualify as providing investment advice under the Advisers Act." *SEC v. Battoo*, 158 F. Supp. 3d 676, 698 (N.D. Ill. 2016) (citations omitted); *see also Abrahamson v. Fleschner*, 568 F.2d 862, 870 (2d Cir. 1977) ("we believe that the general partners as persons who managed the funds of others for compensation are 'investment advisers' within the meaning of the statute"). Summary judgment on this element of the two claims is therefore appropriate even if the Court does not grant summary judgment on the entirety of the claim.

G.     **Defendants Concede They Used Interstate Commerce**

Defendants do not dispute, and therefore concede, that the transactions here occurred in interstate commerce. The transactions here involved communications using the internet and the telephone, and the securities trading occurred on a national securities exchange. These are instrumentalities of interstate commerce. 15 U.S.C. § 78j(b); *United States v. Hornaday*, 392 F.3d 1306, 1311, 1316 (11th Cir. 2004) (The internet is an instrumentality of interstate commerce, as is the telephone). Summary judgment on this element of the SEC's claims is therefore appropriate.

III.    **CONCLUSION**

For all the reasons set forth in its motion and herein, based on the undisputed evidence, the SEC is entitled to summary judgment as to liability on its Second, Fourth, Fifth and Sixth Claims, and as to the elements of "investment adviser" and "interstate commerce."

October 1, 2020                                        Respectfully submitted,

*/s/ Lynn M. Dean*
Lynn M. Dean (Cal. Bar. 205562)
Securities and Exchange Commission
444 S. Flower St., 9th floor
Los Angeles, CA 90071
Telephone:    (323) 965-3998
Facsimile:    (213) 443-1904
Email:            deanl@sec.gov


*/s/ Karen J. King*
KAREN J. KING (#23508)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, Louisiana 70501
Telephone:   (337) 262-6618
Facsimile:   (337) 262-6693
Email:   karen.king@usdoj.gov